**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOME REVOLUTION, LLC, *et al.*, <br> *Plaintiffs*, <br> v. <br> JERRICK MEDIA HOLDINGS, INC., *et al.* <br> *Defendants*, | Civil Action No. 20-cv-07775 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Defendants' motion to vacate the Clerk of the Court's entry of default and for sanctions, *see* D.E. 45, and Plaintiffs' cross-motion for the deposit of funds pursuant to Fed. R. Civ. P. 67 and for sanctions, D.E. 48. The Court reviewed the parties' submissions in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion is granted in part and denied in part and Plaintiffs' cross-motion is denied.

**I.     BACKGROUND**

Plaintiffs filed their initial Complaint on June 25, 2020. D.E. 1. Plaintiffs then moved, by order to show cause, for "the appointment of a Receiver/Trustee to manage the affairs and business of Defendant Jerrick Media Holdings, Inc." ("Jerrick"). D.E. 10. The Court denied that motion on August 13, 2020. D.E. 23. Defendants then moved to dismiss Plaintiffs' Complaint on August 14, 2020. *See* D.E. 24, D.E. 25, D.E. 26, D.E. 27, D.E. 28. The same day, Plaintiffs filed their First Amended Complaint, D.E. 29 ("FAC"). The pending motions arise from Defendants' attempt to secure an extension to respond to Plaintiffs' FAC.

Defendants contend that "Plaintiffs' counsel agreed to a two-week extension of time for Defendants to submit a Motion to Dismiss the Amended Complaint." D.E. 44 ¶ 20. The email chain annexed as Exhibit A to the Declaration of Chelsea Pullano shows that Defendants' counsel requested an extension to respond to Plaintiffs' FAC until September 18, 2020. D.E. 44-1 at 4. In relevant part, Plaintiffs' counsel responded that "September 18 is too long. I can agree to September 1." *Id*. at 3. Defendants' counsel replied "I'll need until September 18th. You actually can't agree to September 1st because no response from me would be due until later than that in any event." *Id*. at 2. Plaintiffs' counsel responded "[y]ou need another 30 days to update your motion? I added 6 paragraphs." *Id*. Defendants' counsel responded "[n]o you appear to be mistaken. A response would normally be due on Sept. 4th, unless it is me who is mistaken. What I'm asking for, then, is two weeks." *Id*. at 1. Plaintiffs' counsel replied "k." *Id*. Defendants contend this exchange resulted in an agreement to extend Defendants' time to respond to the FAC until September 18, 2020. D.E. 45 at 3.

However, on August 28, 2020, Plaintiffs' counsel filed a letter indicating that he "tried to set up a new briefing schedule for the amended motion to dismiss" but that "Defendants' counsel sought to take as much time as possible, without really any explanation." D.E. 30. Plaintiffs' counsel continued that "the pending motion to dismiss is mooted by the amended complaint and that there is no agreement on a briefing schedule." *Id*. Plaintiffs' counsel then warned that he would "move for default if a proper responsive pleading is not timely filed." *Id*. Chief United States Magistrate Judge Falk held a teleconference on September 2, 2020. D.E. 31. After the teleconference, Judge Falk entered an order scheduling a case management conference for October 27, 2020 "to address all outstanding issues." D.E. 32.

On September 11, 2020, Plaintiffs filed a request for entry of default as to Defendants "for failure to plead or otherwise defend" the FAC. D.E. 33. Along with the request for default, Plaintiffs' counsel submitted an executed declaration stating, in relevant part, that "Defendants have not requested or been granted an extension of time to answer or otherwise respond to the Amended Complaint." D.E. 33-1 at 2, ¶ 6. The Clerk of the Court entered default against Defendants the same day. On September 14, 2020, Defendants' counsel filed a letter "requesting guidance" on how to address the entry of default. D.E. 34. at 1.[1] Defendants' letter concluded by requesting an order from Judge Falk:

> (i) removing the clerk's default, and sanctioning Plaintiffs' and their counsel for lying to the clerk in order to obtain it; (ii) setting a deadline for Defendants' motion to dismiss the Amended Complaint; (iii) permitting Defendants to deposit $660,000 with the Court pursuant to Rule 67; (iv) clarifying what matters are to wait until the Zoom hearing on October 27, 2020, and (v) for all other and further relief in the wisdom and discretion of the Court.

*Id*. at 3. Plaintiffs' counsel responded with a letter explaining the basis for the request for default. D.E. 35. Plaintiffs' counsel concluded by stating "[l]et [Defendants' counsel] demonstrate an AGREEMENT on the timing, and I will withdraw this application today. Otherwise, ask yourself who is misleading this Court." *Id*. (capitalization in original).

---

[1] Plaintiffs' counsel represents to the Court and declares under oath that Defendants' counsel alleged the Clerk's entry of default was improper "for the first time" in response to Plaintiffs' counsel's email of December 9, 2020. D.E. 48-2 at 6, ¶¶ 19-21; D.E. 48-1 at 22-23 ("Plaintiffs' counsel wrote to [Defendants' counsel] again, on December 9, 2020 . . . [Defendants' counsel] responded the next day, and, *for the first time*, alleged the default was entered improperly." (emphasis added (citing Weisbrot Decl. ¶ 20)). Plaintiffs' counsel's representations and testimony are not accurate. As discussed, defense counsel filed a letter on the docket on *September 14, 2020* challenging the validity of the default and, among other things, requesting the Court to remove "the clerk's default." D.E. 34 at 3. Plaintiffs' counsel clearly received this letter because he filed a response the same day. D.E. 35.

3

The parties' disputes as to the entry of default were not resolved during the compliance conference with Judge Falk, which was held on December 12, 2020. D.E. 42. Defendants' motion to vacate the Clerk's entry of default and for sanctions followed. D.E. 43, D.E. 44, D.E. 45, D.E. 46. In response, Plaintiffs filed a cross-motion for sanctions and for the deposit of funds pursuant to Fed. R. Civ. P. 67. D.E. 48. Defendants filed a reply in further support of their motion to vacate, D.E. 49, and opposed Plaintiffs' cross-motion, D.E. 51. Plaintiffs filed a reply brief in further support of their cross-motion. D.E. 52.

## II. ANALYSIS

### A. Defendants' Motion to Vacate the Clerk's Entry of Default

Defendants move to set aside the Clerk's entry of default.[2] D.E. 43. "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); 60(b) (listing "grounds for relief from a final judgment" as "(1) mistake, inadvertence, surprise, or excusable neglect"). The decision to set aside an entry of default is left to the district court's sound discretion. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Courts generally disfavor default, preferring decisions on the merits. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). Courts are required to consider the following four factors when deciding to vacate an entry of default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of

---

[2] Plaintiffs do not oppose, and ask the Court to grant, Defendants' motion to vacate the default. D.E. 48-1 at 24 ("Plaintiffs respectfully request that the Court deny that aspect of Defendants' 'delay' motion that seeks costs or sanctions, grant the balance of the issues . . . vacate the default."); *see also* D.E. 52 at 6 ("[E]veryone agrees that the amended complaint should be filed, that the default vacated, and a briefing schedule set for the motion to dismiss.")).

4

alternative sanctions." *Accurate Abstracts, LLC v. Havas Edge, LLC*, 2016 WL 7115894, at *1 (D.N.J. Apr. 21, 2016) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)).

The threshold question is whether Defendants assert a meritorious defense. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. Defendant contends "[a]ny of the defenses in the Motion to Dismiss, standing alone, is a sufficiently meritorious defense to warrant setting aside the Clerk's default." D.E. 45 at 11. Defendants do "not have to show that they will prevail at trial; rather, all they must show is that, on its face, their defense is *litigable*." *Beauty Plus Trading Co. v. Bee Sales Co.*, No. CV158502ESMAH, 2017 WL 706604, at *3 (D.N.J. Feb. 21, 2017) (quoting *Glashofer v. New Jersey Manufacturers Ins. Co.*, No. CV 15-3601 (RBK/AMD), 2016 WL 4204549, at *3 (D.N.J. Aug. 9, 2016)). Defendants have presented evidence of litigable defenses through reference to their motion to dismiss, D.E. 24 – which Defendants' represent they will rely on to address Plaintiffs' FAC, *see* D.E. 47 at 2, ¶ 6 – and the accompanying affidavits and exhibits[3] submitted with the motion, D.E. 26, D.E. 27, D.E. 28. Moreover, Defendants' opposition sets forth additional potential defenses which they "have not yet had a procedural opportunity to raise." D.E. 45 at 12-13. This factor weighs in favor of vacating the default.

Vacating the default would not prejudice Plaintiffs. There has been no undue delay; Defendants have actively litigated this matter from the onset. The fact that Plaintiffs will have to continue litigating this matter does not constitute undue prejudice, particularly at this early stage. *Beauty Plus Trading Co. v. Bee Sales Co.*, No. CV158502ESMAH, 2017 WL 706604, at *3

---

[3] The Court may not necessarily consider these documents in deciding Defendants' motion to dismiss. *Buchspies v. Pfizer, Inc.*, No. CV 18-16083, 2019 WL 5078853, at *2 (D.N.J. Oct. 10, 2019) ("In deciding a motion to dismiss, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record . . . [and] may also rely on 'a document *integral to or explicitly relied* upon in the complaint.'" (quoting *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002)). However, the Court may still rely on these papers in evaluating whether Defendants have shown a litigable defense in this matter.

5

(D.N.J. Feb. 21, 2017) (stating that "'[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice' sufficient to warrant the denial of a motion to vacate default" (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)).

The Court also finds that Defendants are not culpable for the default. Defendants appeared in this matter, D.E. 5, D.E. 6; opposed Plaintiffs' motion for an order to show cause, D.E. 17; and timely moved to dismiss Plaintiffs' initial Complaint, D.E. 24. Defendants requested an extension from Plaintiffs to respond to the FAC. *See* D.E. 44-1 at 4. Defendants' counsel further explained that his failure to file a motion to dismiss the FAC was caused by a misinterpretation of Judge Falk's instructions. D.E. 34 at 2 ("Defendants understood that Order to mean that all outstanding issues would be addressed via Zoom on October 27, 2020."). Defendants' counsel further represents that the initial motion to dismiss, D.E. 24, "would be the operative response upon which Defendants would rely." D.E. 47 at 2, ¶ 6. Default was entered based on Plaintiffs' counsel's improper conduct of inaccurately representing to the Clerk that Defendants had not requested an extension when they had. *Compare* D.E. 33-1 at 2, ¶ 6 *with* D.E. 44-1 at 4. Defendants are not culpable for the default.

For the same reasons, the Court finds that entry of default would be an inappropriate sanction here since Defendants are not culpable.

Accordingly, Defendants' motion to vacate the Clerk's entry of default is granted.

**B. Plaintiffs' Motion to Deposit Funds**

Plaintiffs' cross-motion requests the Court to order Defendants to deposit $660,000.00 plus accrued interest into the Court's registry under Fed. R. Civ. P. 67. D.E. 48-1 at 24. In support of their cross-motion, Plaintiffs argue the $660,000.00 constitutes disputed funds. D.E. 48-1 at 25. Defendants counter that the cross-motion "seeks what amounts to an affirmative injunction forcing

Defendants to place $660,000 into the Court's registry" when there is no basis to do so and that Plaintiffs' request is inconsistent with Rule 67. D.E. 51 at 9.

Rule 67 provides as follows:

> (a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.
>
> (b) Investing and Withdrawing Funds. Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute. The money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument.

Fed. R. Civ. P. 67. The Court has discretion to permit a deposit pursuant to Rule 67. *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010).

The plain language of the Rule indicates that a motion to deposit may be made by the party *holding* the funds in dispute – the opposite of what Plaintiffs' seek. *See id.* Plaintiffs do not seek to deposit anything; rather, they seek an order forcing "the Defendants to deposit in the Court the $660,000, plus accrued interest pending the outcome of this case." *See* D.E. 48-1 at 24.[4] Plaintiffs request for the Court to force Defendants to deposit funds with the Court is inconsistent with the plain language of Rule 67. *Guthartz v. Park Ctr. W. Corp.*, No. 07-80334-CIV, 2008 WL 2949515, at *1 (S.D. Fla. July 29, 2008) ("[T]he plain language of this rule, i.e., "may deposit," only permits for a voluntary deposit of funds or things . . . Defendants do not cite . . . any federal cases,

---

[4] Although Defendants did make a request to deposit funds with the Court by letter earlier in this case, *see* D.E. 34, Defendants failed to make a formal motion to that effect and are awaiting a ruling on the current cross-motion before making a final decision. *See* D.E. 51 ("[T]he Defendants wish to wait until the Court rules on Defendants' Motion before determining whether to place $660,000 into the Court's registry.").

pertaining to Rule 67, that contemplate compelling an unwilling party to deposit a disputed fund or thing into the registry. This Court will not adopt such an interpretation that runs afoul of the clear language of the rule."); *Rogath v. Siebenmann*, 941 F. Supp. 416, 425 (S.D.N.Y. 1996), *vacated on other grounds*, 129 F.3d 261 (2d Cir. 1997) ("The language of [Rule 67] does not provide the Court with the authority to compel Defendant to deposit money with the Court."); *Lefer v. Murry*, No. CV 13-6-BLG-DWM, 2013 WL 932062, at *1 (D. Mont. Mar. 8, 2013) (stating that Rule 67 "does not contemplate use by a party to compel another to produce money or documents." (citing *Guthartz*, No. 07-80334-CIV, 2008 WL 2949515, at *1 and *Rogath*, 941 F. Supp. at 425)).

For the foregoing reasons, Plaintiffs' cross-motion for an order requiring Defendants to deposit $660,000.00 into the Court's registry is denied.

### C. The Parties' Motions for Sanctions

Both parties seek sanctions against each other. D.E. 43 at 1; D.E. 48-1 at 25-27. Although Defendants' notice of motion indicates they are seeking sanctions pursuant to 28 U.S.C. § 1746, D.E. 43 at 1, Defendants' memorandum of law does not discuss a basis for sanctions until the conclusion, where Defendants argue that Plaintiffs' should be sanctioned because "[m]isleading the Court under penalty of perjury, pursuant 28 U.S.C. 1746, should have some consequences." D.E. 45 at 16. Moreover, in reply, Defendants discuss the possibility of sanctions under 28 U.S.C. § 1927 and through the Court's inherent power. D.E. 49 at 6. For their part, Plaintiffs seek sanctions pursuant to 28 U.S.C. § 1927. D.E. 48-1 at 25-27.

28 U.S.C. § 1746 is not an appropriate basis for sanctions. That statute merely provides the proper manner for subscribing a "declaration, verification, certificate, statement, oath, or

affidavit." *See* 28 U.S.C. § 1746. To the extent Defendants seek sanctions under that provision, their motion is denied.

Section 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Section 1927 'requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Ferguson v. Valero Energy Corp.*, 454 F. App'x 109, 112 (3d Cir. 2011) (quotation omitted). "The principal purpose of sanctions under § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Id.* (internal quotation and bracket omitted). "[S]anctions may not be imposed under this statute against attorneys for vexatious and unreasonable multiplication of proceedings absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *Grider v. Keystone Health Plan Cent, Inc.*, 580 F.3d 119, 142 (3d Cir. 2009). "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002) (quotation omitted). The attorney's actions "must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." *Grider*, 580 F.3d at 142. The Third Circuit has cautioned that "[t]he power to sanction under § 1927 necessarily carries with it the potential for abuse, and therefore the statute should be construed narrowly and with great caution so as not to stifle the enthusiasm or chill the

9

creativity that is the very lifeblood of the law." *LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC*, 287 F.3d 279, 289 (3d Cir. 2002) (quotation omitted).

In addition, a court also has the inherent authority to order sanctions. "A court may resort to its inherent power to impose sanctions even if much of the misconduct at issue is also sanctionable under statute or rules of court." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) (citation omitted). "However, because of their very potency, inherent powers must be exercised with restraint and caution." *Id.* (brackets and citation omitted). "Although a court retains the inherent right to sanction when rules of court or statutes also provide a vehicle for sanctioning misconduct, resort to these inherent powers is not preferred when other remedies are available." *Id.* "Therefore, generally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Id.* (brackets and citation omitted).

Defendants seek sanctions based on Plaintiffs' "intentional misleading application [for entry of default] in violation of a Court Order." D.E. 49; *see also* D.E. 45 at 16. However, Defendants' counsel raised the prospect of sanctions under 28 U.S.C. § 1927 or the Court's inherent authority for the first time in reply. D.E. 49 at 6-7. Thus, the Court denies Defendants' request for sanctions on this basis. *See e.g., Cobra Enterprises, LLC v. All Phase Servs., Inc.*, No. CV 20-4750 (SRC), 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("[T]his is a new argument raised in a reply brief and will not be considered . . . this Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them."). Even ignoring Defendants' failure to timely raise a proper basis for sanctions, Plaintiffs' conduct was not sanctionable under 28 U.S.C. § 1927. The plain language of that section indicates that sanctions are appropriate for an

10

attorney "who so multiplies the proceedings." 28 U.S.C. § 1927. The Court does not find that Plaintiffs' counsel has multiplied the proceedings here because he offered, at least twice, to vacate the default on consent prior to Defendants' filing their motion to vacate. *See* D.E. 48-2 at 6, ¶ 22; *see also id*. at 62 (email from Plaintiffs' counsel stating, in relevant part, "I am happy to vacate the default.")). In addition, Defendants have not cited to any cases awarding sanctions under 28 U.S.C. § 1927 in similar circumstances. The Court does not find that Plaintiffs' counsel's conduct with respect to the default was sufficiently egregious to warrant sanctions under 28 U.S.C. § 1927 or this Court's inherent authority.

The Court notes, however, that Plaintiffs' counsel submitted at least two apparently false statements under penalty of perjury.[5] *See* D.E. 33-1 at 2, ¶ (Plaintiffs' counsel declaring "under penalty of perjury that to the best of my knowledge the foregoing is true and correct" in support of request for Clerk's entry of default); D.E. 48-2 ¶ (Plaintiffs' declaring "under penalty of perjury that to the best of my knowledge the foregoing is true and correct" in support of cross-motion). First, Plaintiffs' counsel submitted an executed declaration stating, in relevant part, that "Defendants have not requested or been granted an extension of time to answer or otherwise respond to the Amended Complaint." D.E. 33-1 at 2, ¶ 6. This was inaccurate, and apparently false, because Defendants' counsel unequivocally requested an extension to respond to the FAC. D.E. 44-1 at 3-4. Plaintiffs' counsel also declared under oath that Defendants' counsel alleged that the Clerk's entry of default was improper "for the first time" in response to Plaintiffs' counsel's

---

[5] Defendants' counsel has also presented evidence that Plaintiffs' counsel improperly contacted the Defendants in this case, *see* D.E. 44 at 9-10, ¶¶ 74-75, *see also* D.E. 44-2, without their counsel's consent in violation of New Jersey Rule of Professional Conduct 4.2. N.J.R.P.C. 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows or by the exercise of reasonable diligence should know, to be represented by another lawyer in the matter.").

email of December 9, 2020.   D.E. 48-2 at 6, ¶¶ 19-21; D.E. 48-1 at 22-23 ("Plaintiffs' counsel wrote to [Defendants' counsel] again, on December 9, 2020 . . . [Defendants' counsel] responded the next day, and, *for the first time*, alleged the default was entered improperly." (emphasis added (citing D.E. 48-2 at 6, ¶ 20)).  This statement is also inaccurate and apparently false.  Defendants' counsel filed a letter on the docket on *September 14, 2020* challenging the validity of the default and, among other things, requesting the Court to remove "the clerk's default."  D.E. 34 at 3.  And Plaintiffs' counsel filed a letter in response the same day.  D.E. 35.  Plaintiffs' counsel's conduct is highly problematic.  However, such conduct is more properly redressable under Fed. R. Civ. P. 11 as opposed to sanctions under section 1927.  *See In re Schaefer Salt Recover, Inc.*, 542 F.3d 90, 102 (3d Cir. 2008) ("[T]here are distinctions between Rule 11 . . . and § 1927 . . . . Importantly, for example, § 1927 explicitly covers *only* the multiplication of proceedings that prolong the litigation of a case . . . ." (emphasis added)).  Defendants do not seek sanctions pursuant to Rule 11.  Accordingly, Defendants' motion for sanctions is denied.

Plaintiffs' motion for sanctions under 28 U.S.C. § 1927 is also denied.  Defendants' prosecution of a successful motion to vacate the Clerk's entry of default was not "egregious" or done in "bad faith."  *Grider*, 580 F.3d at 142.  Nor was Defendants' counsel's refusal to withdraw the motion in response to Plaintiffs' offer to vacate the default on consent "egregious" or in "bad faith" given Defendants' continued interest in prosecuting their motion for sanctions.  Plaintiffs' motion for sanctions is denied.

### D.  A Final Observation

Counsel for both parties have resorted to *ad hominem* attacks against one another in their filings.  *See* D.E. 51 at 9; D.E. 48-1 at 4 (stating Defendants' counsel "became 'cute' when asked a direct question about the location of the funds.")).  Counsel have also made negative comments

12

concerning the Court and Judge Falk in their submissions. *See* D.E. 51 at 26 ("Plaintiffs know there will be no consequences for lying to this Court in order obtain a default in violation of Hon. Falk's Order."); D.E. 34 (Defendants' counsel stating in a letter to Judge Falk that Plaintiffs' "may have identified a weakness in the federal judiciary, in that they can lie and ignore this court at will with no consequences[.]")); *see also* D.E. 53 (Plaintiffs' counsel stating in a letter to Judge Falk "How broken is this system?")).

The Court expects more from counsel, and the Rules of Professional Conduct demand it. This matter is barely out of the starting gate, and counsel have already engaged in conduct that the Court finds inappropriate. This fact does not bode well for the future of the litigation, but more importantly, it does not bode well for counsel. As a result, lead counsel for both Plaintiffs and Defendants must submit a written letter on the docket within seven (7) days indicating that counsel understands their obligations under the Rules of Professional Conduct, will abide by such rules, and will conduct this litigation in a professional manner. Counsel are on notice that if this behavior continues, the Court will order corrective action, starting with the requirement that counsel attend a continuing legal education course on civility and professionalism in the practice of law.

### III. CONCLUSION

For the reasons stated above, Defendants' motion is granted in part and denied in part and Plaintiffs' cross-motion is denied. An appropriate Order accompanies this Opinion.

Dated: February 17, 2021

_____
John Michael Vazquez, U.S.D.J.